Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5896 | **DATE** | 7/24/2002 |
| **CASE TITLE** | Turner vs. J.V.B.D. Associates, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [11-1] is granted; defendant's motion for finding that this action was brought in bad faith and for the purpose of harassment, and for reasonable attorney's fees pursuant to U.S.C. 15 section 1692k(a)(3) [11-1] is denied. Plaintiff's motion for summary judgment [12-1] is denied. This action is hereby dismissed.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | JUL 2 5 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT | | |
| mm | courtroom deputy's initials | | 02 JUL 24 PM 3:40 | date mailed notice | |
| | | | date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Stephen P. Turner, )
)
    Plaintiff, )
) Case No. 01 C 5896
v. )
) Magistrate Judge Ian H. Levin
J.V.D.B. & Associates, Inc., an Illinois Corporation,)
)
    Defendant. )
)

DOCKETED JUL 2 5 2002

## MEMORANDUM OPINION AND ORDER

The Cause coming on to be heard on the Motions for Summary Judgment of the Plaintiff and Defendant, the motions having been fully briefed and reviewed, the Court finds as follows:

Defendant's motion for Summary Judgment is granted and Plaintiff's motion for Summary Judgment is denied. Given the undisputed material facts that Defendant had no actual knowledge of Plaintiff's bankruptcy proceeding and that at the time of the letter in question Plaintiff did not have an attorney for the debt collection matter herein,[1] violations of 15 U.S.C. §1692(e), 1692(F) and 1692(c)(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") do not exist as a matter of law. *Hubbard v. Nat'l Bond and Collection Associates, Inc.*, 126 B.R. 422 (D. Del 1991); *See also, Powers v. Professional Credit Services, Inc.* 107 F.Supp.2d. 166, 168-69 (N.D. N. Y. 2000)

In the case facts here, and given the single debt collection/validation letter involved herein, any knowledge the phone company creditor had as to Plaintiff's attorney filed bankruptcy

---

[1] Obviously, then, Defendant could not have had actual knowledge at that time of any attorney representing the Plaintiff as to the subject debt collection matter.



is not imputable to the Defendant debt collector. As expressed in the *Hubbard* case, Supra:

> According to plaintiff's counsel, [Plaintiff] has a cause of action under § 1692e because a debt collector must investigate a debtor's financial background before contacting the debtor. This proposition is contrary to the intentions of Congress and the purpose behind §1692g of the FDCPA. Section 1692g was intended to provide a means by which relevant information could be exchanged between the debtor and the debt collector in a cost effective manner. Under §1692g a debtor must be notified in writing that he can dispute the validity of a debt, or any portion of it, and demand verification of the debt's existence. 15 U.S.C. §1692g(A). Through this process, the debt collector learns whether the debt is contested and the reasons, if any, for the debtor's refusal to pay. The statutory scheme of the FDCPA thus allows debt collectors to avoid the costs of investigating a debtor's background and ensures a cost effective means by which a debtor and debt collector can exchange information. This is an important part of the FDCPA's statutory scheme. S.Rep. No. 382, 95th Cong., 1st Sess. 2 *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1696 (the FDCPA should function "without imposing unnecessary restrictions on ethical debt collectors.") & 1699; 15 U.S.C. § 1692(e). The plaintiff's contention that debt collectors must bear the entire burden of collecting information concerning debtors ignores the importance of § 1692g and the congressional intent behind its enactment.
>
> The exchange of information provided for by §1692g, for present purposes, serves two relevant functions. First, the exchange of information between debtors and debt collectors ensures that debt collectors promptly receive relevant factual information concerning debtors so that unnecessary contacts between debt collectors and debtors can be minimized. *See Beattie v. D.M. Collections, inc.,* 754 F.Supp 383, 390-91 (D.Del.1991); S.Rep. No. 382, 95th Cong., 1st Sess. 4 *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699. Contrary to the plaintiff's argument, Congress clearly did not intend to put the entire burden of avoiding unnecessary contacts on debt collectors. Second, this exchange of information provides debt collectors with "actual knowledge" of the facts relevant to their collection efforts. This is significant because only a knowing violation of §1692e is actionable. Though a mistake of law is never a defense, *Baker v. G.C. Services Corp.,* 677 F.2d 775, 779 (9th Cir. 1982); *Rutyna v. Collection Accounts Terminal, Inc.,* 478 F.Supp. 980, 982 (N.D.Ill. 1979), a mistake of fact may excuse conduct that would otherwise violate the FDCPA. After the

validation procedure of § 1692g, a debt collector would have actual knowledge of the facts relevant to a particular debt and could be held liable under the FDCPA for any further debt collection efforts that violate the letter of the act. Therefore, under §1692g, the debtor bears a responsibility to notify the debt collector of facts which the debt collector would not otherwise be aware. One such fact would be the existence of a bankruptcy. (*Hubbard,* 126 B.R. at 427-28).

*Powers v. Professional Credit Services, Inc.* 107 F.Supp.2d 166 (N.D. N.Y. 2000), cited by Plaintiff, is factually distinguishable from the present case. In *Powers,* unlike here, the creditor hired a debt collector to deal with the debtor directly, <u>after</u> the creditor had express written notice, and actual knowledge, that the Plaintiff consumer had retained an attorney as to the specific debt collection matter there in issue.[2]

Finally, Defendant's motion for a finding that this action was brought in bad faith and for the purpose of harassment and for reasonable attorney's fees pursuant to U.S.C. 15 § 1692 (k)(a)(3) is denied. The Court finds that the Plaintiff's claims were not brought in bad faith or to harass. For example, though unsuccessful, the Plaintiff was in good faith in arguing that the *Hubbard* case is distinguishable. In short, Plaintiff's claims were a good faith interpretation of the subject statute and existing case law thereunder. *See, e.g., Villareal v. Snow,* 1997 WL 116801 at *3 - 4 (N.D.Ill. March 12, 1997).

## CONCLUSION

Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for

---

[2] The debtor's attorney, in *Powers,* in his written letter notice to the creditor, had also instructed the creditor to direct all communications to the attorney and to refrain from directly contacting the debtor/plaintiff.

Too, as *Powers* is distinguishable, *Micare v. Foster & Garbus,* 132 F.Supp.2d 77, 80-81 (N.D. N.Y. 2001) which, as cited by Plaintiff, only conceptually discusses and elaborates on *Powers,* is also distinguishable.

Summary Judgment is denied. Defendant's Motion for a bad faith finding and attorney's fees is denied.

**DATED:** July 24, 2002         **ENTER:**

_____
IAN H. LEVIN
UNITED STATES MAGISTRATE JUDGE

4