# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5896 | **DATE** | 5/19/2004 |
| **CASE TITLE** | Stephen P. Turner vs. J.V.D.B. & Associates, Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/14/2004 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order on plaintiff's motion for summary judgment. Plaintiff's motion for summary judgment (formerly a motion for judgment on the pleadings) is hereby granted. Accordingly, defendant's amended affirmative defense of *bona fide* error is dismissed with prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 24 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | |  | 48 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/19/2004 | |
| | | | date mailed notice | |
| SM | courtroom deputy's initials | | SM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN P. TURNER, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 01 C 5896 |
| v. | ) |
| | ) Magistrate Judge Ian H. Levin |
| J.V.D.B. & ASSOCIATES, INC., an Illinois Corporation, | ) ) ) |
| Defendant. | ) ) ) |

DOCKETED
MAY 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen P. Turner ("Turner") moves for summary judgment as to Defendant's affirmative defense of *bona fide* error in this Fair Debt Collection Practices Act action. For the reasons hereinafter set forth, the Court grants Turner's motion for summary judgment.

## BACKGROUND FACTS

On March 17, 2000, Turner filed a Chapter 7 bankruptcy petition. (Pl.'s Mem. at 1.) A debt in the amount of $97.80 owed to Pre-Paid Local Access Phone Service Company ("Pre-Paid") was listed on Turner's bankruptcy petition. (*Id.*) Turner's $97.80 debt to Pre-Paid was discharged in bankruptcy and Pre-Paid received notice of the discharge on March 22, 2000 and July 5, 2000. *Turner v. J.V.D.B. & Assocs. Inc.*, 330 F.3d 991, 994 (7th Cir. 2003). By July of 2000, Turner's bankruptcy was listed on his credit reports. (*Id.*)

Despite the fact that Turner's bankruptcy was listed on his credit reports, Pre-Paid turned the debt over to a debt collector, Defendant J.V.D.B. & Associates, Inc. ("J.V.D.B."). *Turner,* 330 F.3d at 994. J.V.D.B. then sent a collection letter printed on its letterhead dated March 29, 2001 to Turner

and stated that the balance due to Pre-Paid was $97.80. (*Id.*) The collection letter stated the following:

> This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> The above claim has been referred to this office for collection.
>
> Pursuant to Public Law 95-109, unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request . . . in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Very truly yours,
> J.V.D.B. & Associates, Inc.
> Collection Agency

(*Id.*)

As is pertinent here, after receiving the collection letter, Turner forwarded it to his attorney who subsequently brought suit under 15 U.S.C. § 1692e[1] of the Fair Debt Collection Practices Act ("FDCPA"). In his suit, Turner alleges that J.V.D.B. violated § 1692e by telling him that he had to pay a debt that had been previously discharged in bankruptcy. By doing this Turner alleges J.V.D.B. misrepresented the legal status of the debt. (*Id.*)

The Defendant has filed an affirmative defense of *bona fide* error. Turner has moved for summary judgment as to this *bona fide* error affirmative defense.

---

[1] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

2

## LEGAL STANDARDS

### I. *BONA FIDE* ERROR DEFENSE

A *bona fide* error defense can be available to a debt collector under the FDCPA. To establish a *bona fide* error defense, a debt collector must show by a preponderance of the evidence that "(1) it violated the FDCPA unintentionally, and (2) has in place procedures reasonably adapted to avoid the violation it committed." *Jenkins v. Union Corp.*, 999 F.Supp. 1120, 1141 (N.D. Ill. 1998)(*citing* § 1692k(c)). Specifically, § 1692k(c) of the FDCPA states:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

The *bona fide* error defense of § 1692k(c) is "unrelated to the issue of whether a plaintiff has proven a debt collector's actual knowledge of facts sufficient to sustain a cause of action under § 1692e." *Union Corp.*, 999 F.Supp. at 1141 (*quoting Hubbard v. National Bond & Collection Assocs., Inc.*, 126 B.R. 422, 429 (D.Del. 1991). Moreover, "[t]he mere assertion of good intent, absent a factual showing of actual safeguards reasonably adopted to avoid violations of the FDCPA, is insufficient" to sustain the *bona fide* error defense. *Id.* (*quoting Oglesby v. Rotche*, No. 93 C 4183,1993 WL 460841, at *9 (N.D. Ill. Nov. 5, 1993); *see also Green v. Hocking*, 792 F.Supp.1064,1066 n.5 (E.D. Mich. 1992)(rejecting *bona fide* error defense where the defendant debt collector merely asserted that the error was unintentional without supplying evidence of procedural safeguards).

### II. SUMMARY JUDGMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

3

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material fact remains for trial. *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997).

In deciding a motion for summary judgment, a court must "review the record in the light most favorable to the nonmoving party and . . . draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 964 (7th Cir. 1998). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Nevertheless, the nonmovant may not rest upon mere allegations, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also Linc*, 129 F.3d at 920. A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, 106 S.Ct. 2505, 91 L.Ed.2d 202, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, 91 L.Ed.2d 202. Therefore, if the court concludes that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment must be granted. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348, 89 L.Ed.2d 569 (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

## DISCUSSION

Turner avers that J.V.D.B. cannot assert a *bona fide* error defense herein because J.V.D.B. cannot show by a preponderance of the evidence that the March 29, 2001 debt collection letter was sent unintentionally and was the result of a bona fide error. (Pl.'s Mem. at 5-8.) Thus, Turner specifically contends that J.V.D.B.'s *bona fide* error defense falls short of the standard set by Seventh Circuit case law and the FDCPA because the principal alleged procedure J.V.D.B. uses to avoid such errors is to "rely on its creditor clients to provide it with all relevant, current and accurate information on a debtor's account including whether a debtor has filed bankruptcy." (*Id.* at 6-8; Am. Affirm. Defense ¶ 7.) Accordingly, Turner alleges that J.V.D.B. failed to adequately maintain procedures to avoid collecting on debts that do not exist as required by § 1692k(c). (Pl.'s Mem. at 5-8.)

J.V.D.B., on the other hand, alleges that it has set forth a valid *bona fide* error defense because it has appropriate procedures in place to avoid pursuing collection on accounts that have been discharged in bankruptcy. (Def.'s Resp. at 6-9.) Specifically, J.V.D.B. avers that it reasonably relies on clients to provide it with all relevant, current and accurate information on a debtor's account including whether a debtor has filed for bankruptcy and, moreover, if it receives information that an account is subject to bankruptcy, it will not pursue collection on that account. (*Id.* at 7.) Moreover, J.V.D.B. contends that it is undisputed that it had no knowledge (or notice) that Turner had filed for bankruptcy when it sent the March 29, 2001 debt collection letter. (*Id.* at 6, 9.) Furthermore, J.V.D.B. asserts that once it learned of Turner's bankruptcy, it ceased all collection activity. (*Id.* at 9.)

As stated, a debt collector is absolved of liability and satisfies the requirements of the *bona fide* error defense if it can show by a preponderance of the evidence that "(1) it violated the FDCPA

unintentionally, and (2) has in place procedures reasonably adapted to avoid the violation it committed." *Union Corp.*, 999 F.Supp. at 1141 (*citing* § 1692k(c)). Specifically, § 1692k(c) of the FDCPA states:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).

However, "[t]he mere assertion of good intent, absent a factual showing of actual safeguards reasonably adopted to avoid violations of the FDCPA, is insufficient" to sustain the *bona fide* error defense. *Id.* (*quoting Oglesby*, 1993 WL 460841, at *9); *see also Green*, 792 F.Supp. at 1066 n.5 (rejecting *bona fide* error defense where the defendant debt collector merely asserted that the error was unintentional without supplying evidence of procedural safeguards).

Initially, J.V.D.B. alleges that it maintains reasonable procedures that are sufficient or adapted to avoid a violation of the FDCPA. (Def.'s Mem. at 7-9.) For example, J.V.D.B. alleges that the first procedure it uses to ensure that it does not collect on bankruptcy accounts is "to rely on its creditor clients to provide it with all relevant, current and accurate information on a debtor's account including whether a debtor has filed for bankruptcy." (Am. Affirm. Defense ¶ 7.) J.V.D.B. asserts that its second procedure in handling such accounts is to send a debtor an initial notice which complies with § 1692g of the FDCPA and contains a § 1692g validation notice. (*Id.* ¶ 9.) If J.V.D.B. is subsequently advised either orally or in writing of a dispute involving bankruptcy based on the initial § 1692g notice, J.V.D.B. avers that its employees are trained to handle such a dispute. (*Id.*) J.V.D.B. contends that it trains its employees that when a debt is disputed within the thirty-day validation period, J.V.D.B. may either verify the debt or close the account and cease the collection

process. (*Id.* ¶ 10.) J.V.D.B. asserts, however, that Turner never disputed the debt allegedly owed to Pre-Paid within the thirty-day validation period. (*Id.* ¶ 11.)

J.V.D.B. asserts that its third procedure in handling accounts occurs when it receives notice of a bankruptcy. (Am. Affirm. Defense ¶ 12.) J.V.D.B. states that it trains is employees that once it receives notice of a bankruptcy, the account is designated as a bankruptcy account and forwarded to an employee who handles bankruptcy accounts. (*Id.* ¶ 13.) All other collection activity on the account ceases when J.V.D.B. receives notice of a bankruptcy. (*Id.* ¶ 14.) Moreover, J.V.D.B. contends that when a debtor advises J.V.D.B. that he or she has filed for bankruptcy, J.V.D.B. employees are trained to request a copy of the bankruptcy petition, check the petition to see if J.V.D.B.'s creditor client and/or J.V.D.B. is listed as a creditor and file a notice of claim, if appropriate. (*Id.* ¶ 15.) Thus, upon receipt of notice that a debtor has filed for bankruptcy, J.V.D.B. employees are trained to note in the file and appropriate computer screen that the account is a bankruptcy account. (*Id.* ¶ 16.) Accordingly, J.V.D.B. avers that once it learned of Turner's bankruptcy, it closed its file and no further collection activity occurred on Turner's account. (*Id.* ¶ 17.)

The Court finds that J.V.D.B.'s above-alleged procedures are insufficient as a matter of law to sustain a *bona fide* error defense under the FDCPA. Specifically, J.V.D.B.'s procedures fall short of the standards established by Seventh Circuit and other relevant case law. In *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997), the Seventh Circuit initially recited certain of the procedures the defendants followed to avoid an FDCPA violation. The Court, then, found that the defendant debt collectors had satisfied their burden of proving the *bona fide* error defense because, unlike here, the defendants maintained "extensive systems" and "elaborate procedures . . . to avoid collecting

7

unauthorized charges" and even went as "far as to insist that their client[s] verify under oath that each of the charges was true and correct." (*Id.*)

Moreover, *Union Corp., supra*, is instructive in Turner's favor. In *Union Corp.*, the court in considering whether the defendant debt collector knew that it was collecting a fee that was not authorized by law found that, unlike here, the debt collector's clients " . . . are instructed in writing to submit only those charges to which they are legally entitled." *Union Corp.*, 999 F.Supp. at 1141. Moreover, the debt collector, unlike here, had a policy of advising clients to consult with an attorney before adding any such (unauthorized) fees and took steps which entailed issuing memos to its sales staff "directing them to reinforce this message to prospective clients." (*Id.* at 1141-42.) In those circumstances, the *Union Corp.* court found that the defendant debt collector had prevailed on its *bona fide* error defense. (*Id.* at 1142.) *See also Beattie v. D.M. Collections, Inc.*, 754 F.Supp.383, 389 (D.Del.1991)(procedures were adequate where the defendant debt collector held periodic seminars and provided training on FDCPA requirements, gave employees various editions of FDCPA manuals, issued a memorandum delineating its FDCPA policy and posted cards on telephones citing language required by the FDCPA); *Howe v. Reader's Digest Ass'n, Inc.*, 686 F.Supp. 461, 463, 467 (S.D.N.Y. 1988)(summary judgment granted in favor of *bona fide* error defense where affidavits delineated the "extensive systems and procedures" which included the use of an independent auditing agency to ensure compliance with FDCPA requirements); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992)(finding that a collection letter mailed shortly after receiving the consumer's cease and desist communication letter constituted a *bona fide* error because the defendant debt collector introduced an employee's procedural manual and two employee affidavits, which showed that the error was at most a clerical error); *Lewis v. ACB*

8

*Business Services, Inc.*, 135 F.3d 389, 401-02 (6th Cir. 1998)(the defendant debt collector's procedure manual and computer system were adequate to establish a *bona fide* error defense because the alleged violation arose from a clerical error by the creditor-client, not the defendant debt collector).

The Court finds that J.V.D.B.'s alleged "procedures" here do not in any way compare to the types of procedures and systems found to qualify for the *bona fide* error defense in *Heintz, Union Corp.* and other recited case law. Rather, J.V.D.B.'s first alleged procedure, which entails "rely[ing]" on its creditor-clients to provide it with the relevant, current and accurate information on a debtor's account including whether a debtor has filed for bankruptcy, respectfully, is not even a procedure. It is merely an unfounded assumption that is not based on any fact or any understanding and/or agreement with its creditor-clients. J.V.D.B. does not allege, let alone show, that it had any sort of a formal or informal understanding and/or agreement with Pre-Paid that Pre-Paid would not send J.V.D.B. debts which were subject to bankruptcy. Moreover, J.V.D.B. has even gone as far as to admit that it "did not affirmatively ask Pre-Paid whether Turner's debt was subject to bankruptcy" and it did not have a contract with Pre-Paid, let alone a written contract stipulating that Pre-Paid would only send accounts that were current and not subject to bankruptcy. (Supplemental Resps. to Pl.'s Interrogatories ¶ 12.) Accordingly, J.V.D.B.'s alleged procedure that it "relies" on creditor-clients to provide it with information regarding whether a debtor has filed for bankruptcy is not one that can be reasonably viewed as being adapted to avoid an error or violation of the FDCPA.[2]

---

[2]The Court further finds that the validation notice letter sent to debtors by Defendant does not qualify as a procedure under FDCPA/*bona fide* error defense law. Nor do J.V.D.B.'s other asserted practices save the situation for J.V.D.B. here. For example, J.V.D.B.'s ceasing collection activities on accounts once it learns from a consumer (debtor) that the debtor has filed for bankruptcy does not qualify as a reasonable procedure[s]. Under the circumstances here, such cessation activities merely constitute after-the-fact conduct on the part of J.V.D.B. and cannot be
(continued...)

9

The Court finds that the district court decision in *Hyman v. Tate & Kirlin*, No. 02 C 242, 2003 WL 156863 (N.D. Ill. Mar. 24, 2003), cited by J.V.D.B., is clearly distinguishable from the present case. In *Hyman*, unlike here, the debt collector had a written contract with the creditor and an understanding with the creditor that the creditor would not send over bankruptcy accounts. Additionally, as the Seventh Circuit noted on the case's appeal:

> Because forwarding bankrupt accounts was not only a bad business practice but also because [the creditor] would immediately notify [the debt collector] if an account in bankruptcy slipped through, the district court could reasonably conclude that the [creditor] would not intentionally forward accounts in bankruptcy in the first instance. Moreover, the defendants presented evidence that of the accounts referred to it for collection, only .01% of those accounts were later found to have been in bankruptcy.[3] Given this evidence, the district court did not commit clear error in concluding that [the debt collector] reasonably relied on the [creditor] not to forward accounts in bankruptcy.[4] *Hyman v. Tate & Kirlin*, 362 F.3d 965, 967 (7th Cir. 2004).

To reiterate, unlike *Hyman*, J.V.D.B. has not even alleged, let alone offered any evidence, that it had a written agreement or any type of understanding with its creditor-clients that clients would not send J.V.D.B. accounts on debts which were subject to bankruptcy petitions. Moreover, J.V.D.B. has not shown that its creditor-clients would immediately contact J.V.D.B. if an account subject to bankruptcy erroneously slipped through the process (and J.V.D.B. has proffered no evidence of very infrequent reference of bankruptcy accounts to J.V.D.B. for collection). In these circumstances, J.V.D.B.'s self-proclaimed but baseless "reliance" on its creditor-clients not to send

---

[2](...continued)
considered as the maintenance of preventive procedures reasonably designed to prevent an error or violation of the FDCPA in the first instance.

[3]The evidence was that less than 100 times per year on the nearly 1,000,000 accounts the *Hyman* defendant handled annually (or less than one one hundredth of one percent) were accounts referred to it for collection which were later determined to be in bankruptcy.

[4]The Seventh Circuit thus affirmed the bench trial finding of the district court.

10

accounts on debts which were subject to bankruptcy petitions was not reasonable, nor was it a procedure reasonably adapted to avoid violating the FDCPA.

## CONCLUSION[5]

In view of the foregoing, the Court grants Turner's motion for summary judgment, as a matter of law, as to J.V.D.B.'s *bona fide* error defense. Accordingly, J.V.D.B.'s amended affirmative *bona fide* error defense is dismissed with prejudice.[6]

ENTER:

*/s/ Ian H. Levin*

**IAN H. LEVIN**
**United States Magistrate Judge**

**Dated: May 19, 2004**

---

[5]In view of the Court's ruling herein, it is deemed unnecessary to consider Plaintiff's and Defendant's other arguments raised herein.

[6]Turner requests that judgment in the cause should be granted in his favor for J.V.D.B.'s false statements alleging that he owed a debt which no longer existed because it had been discharged in bankruptcy. (*See, e.g.* Pl.'s Reply at 5.) However, this relief is not within the proper scope of the summary judgment motion herein. A factual trial issue remains as to whether J.V.D.B. made a false, deceptive or misleading misrepresentation to Turner about the legal status of Turner's debt under § 1692e.