Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5896 | **DATE** | 8/24/2004 |
| **CASE TITLE** | Turner vs. J.V.D.B. & Assoc. Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/21/2004 at 10:15 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter memorandum opinion and order on plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's motion for judgment on the pleadings is hereby denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 25 2004 date docketed | 54 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/24/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| SM | courtroom deputy's initials | Date/time received in central Clerk's Office | SM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN P. TURNER,

    Plaintiff,

v.

J.V.D.B. & ASSOCIATES, INC., an
Illinois Corporation,

    Defendant.

Case No. 01 C 5896

Magistrate Judge Ian H. Levin

**DOCKETED**
**AUG 2 5 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen P. Turner ("Turner") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons hereinafter set forth, Plaintiff's motion is denied.

## BACKGROUND FACTS

On March 17, 2000, Turner filed a Chapter 7 bankruptcy petition. (Pl.'s Mot. at 1.) A debt in the amount of $97.80 owed to Pre-Paid Local Access Phone Service Company ("Pre-Paid") was listed on Turner's bankruptcy petition. (*Id.*) Turner's $97.80 debt to Pre-Paid was discharged in bankruptcy and Pre-Paid received notice of the discharge on March 22, 2000 and July 5, 2000. *See Turner v. J.V.D.B. & Assocs. Inc.*, 330 F.3d 991, 994 (7th Cir. 2003). By July of 2000, Turner's bankruptcy was listed on his credit reports. (*Id.*)

Despite the fact that Turner's bankruptcy was listed on his credit reports, Pre-Paid turned the debt over to a debt collector, Defendant J.V.D.B. & Associates, Inc. ("J.V.D.B."). *Turner*, 330 F.3d at 994. J.V.D.B. then sent a collection letter dated March 29, 2001 printed on its letterhead to Turner

54

and stated that the balance due to Pre-Paid was $97.80. (*Id.*) The collection letter stated the following:

> This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> The above claim has been referred to this office for collection.
>
> Pursuant to Public Law 95-109, unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request . . . in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Very truly yours,
> J.V.D.B. & Associates, Inc.
> Collection Agency

(*Id.*)

As is pertinent here, after receiving the collection letter, Turner forwarded it to his attorney who subsequently brought suit under 15 U.S.C. § 1692e[1] of the Fair Debt Collection Practices Act ("FDCPA"). *Turner*, 330 F.3d at 994. In his suit, Turner alleges that J.V.D.B. violated § 1692e by telling him he had to pay a debt that had been previously discharged in bankruptcy. By doing this Turner alleges J.V.D.B. misrepresented the legal status of the debt. (*Id.*)

On appeal, with regard to Turner's § 1692e claim, the Seventh Circuit ruled *inter alia* that "a reasonable jury could conclude as a matter of fact that a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter

---

[1] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

2

of March 29, 2001." *Turner*, 330 F.3d at 995. The Seventh Circuit thus later concluded that "[b]ecause knowledge is not an element of a violation of 15 U.S.C. § 1692e, and because Turner has presented evidence from which a reasonable jury could conclude that J.V.D.B. made a false, deceptive, or misleading representation about the legal status of Turner's debt, we reverse the district court's grant of summary judgment in favor of J.V.D.B. regarding § 1692e and remand", implicitly, for a trial on this § 1692e issue. *Id.* at 999.

## ISSUE

Turner now moves for judgment on the pleadings averring that he is entitled to judgment as a matter of law as to his § 1692e claim based on the Seventh Circuit's recent decision in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).

## LEGAL STANDARD

As is pertinent here, a court may grant a motion for judgment on the pleadings "only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987)(*quoting Flora v. Home Fed. Savings & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982)); *see also* 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1368 at 530 (1990)(noting that courts will not grant a motion for judgment on the pleadings if a material issue of fact exists). A court may only consider those matters presented in the pleadings and "must view the facts in the light most favorable to the nonmoving party." *Nat'l Fidelity Life*, 811 F.2d at 358 (*citing Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986)).

## DISCUSSION

Turner avers that he is entitled to judgment as a matter of law with respect to his § 1692e claim based on the Seventh Circuit's decision in *Randolph*. (Pl.'s Mot. at 4-5.) Turner contends that in *Randolph* the Seventh Circuit held that a debt collector's false statement, which entailed making a demand for payment while a debtor is in bankruptcy, is presumptively wrongful under the FDCPA. (*Id.*) Turner therefore contends that, like the debt collectors' false statements in *Randolph* demanding payment from debtors while in bankruptcy, J.V.D.B's March 29, 2001 collection letter claiming he owed a $97.80 debt to Pre-Paid was indisputably false because the debt had already been discharged in bankruptcy on July 5, 2000. (*Id.*) Accordingly, Turner avers that there is no material issue of fact that remains to be resolved with regard to his § 1692e claim because J.V.D.B.'s March 29, 2001 collection letter constitutes a false statement that is presumptively wrongful and violates the FDCPA as decided in *Randolph*.[2] (*Id.*)

J.V.D.B., on the other hand, avers that Turner is not entitled to judgment as a matter of law because he inappropriately relies on dictum contained in *Randolph* and, moreover, the issue that was decided in *Randolph* is different from the issue in the instant case. (Def.'s Resp. at 1-2.) J.V.D.B. asserts that the issue that the Seventh Circuit decided in *Randolph* dealt with whether the Bankruptcy Code was incompatible with the FDCPA and whether a plaintiff could bring an FDCPA claim for an alleged violation of a bankruptcy stay. (*Id.* at 3.) J.V.D.B. further contends that the *Randolph* case is not applicable herein because the Seventh Circuit did not make an explicit finding that any of the

---

[2]Turner further contends that J.V.D.B.'s only defense under the FDCPA is the *bona fide* error defense as provided by § 1692k(c) which this Court has already dismissed with prejudice. (Pl.'s Mot. at 5.) It bears noting that, on May 19, 2004, the Court granted Turner's motion for summary judgment, as a matter of law, as to J.V.D.B.'s *bona fide* error defense and dismissed J.V.D.B.'s amended affirmative *bona fide* error defense with prejudice.

4

letters at issue in *Randolph* violated the FDCPA and, moreover, these subject letters contained language demanding "immediate" payment whereas J.V.D.B.'s March 29, 2001 collection letter simply stated that J.V.D.B. had been hired to collect a debt. (*Id.* at 2, 3.) J.V.D.B. also asserts that the Seventh Circuit specifically remanded the instant case with instructions for a determination as to whether a reasonable jury could conclude that J.V.D.B. made a false, deceptive, or misleading representation or statement regarding the legal status of Turner's debt in violation of § 1692e of the FDCPA. (*Id.* at 1, 3.) *See Turner*, 990 F.3d at 999.

The Court finds, respectfully, that Turner's reliance on *Randolph* is unavailing. *Randolph* involved and addressed a different issue than the issue(s) in the present case. Specifically, the issue in *Randolph*, unlike here, was whether the Bankruptcy Code "preempts" and "trumps" the Fair Debt Collection Practices Act where both statutes deal with the same subject. *Randolph*, 368 F.3d at 728, 730.

Moreover, even if it is assumed *arguendo* that *Randolph* is inconsistent with the decision and remand directions of the Seventh Circuit in *Turner*, than *Randolph* is in direct conflict with the Seventh Circuit's holding in *Turner*. Since the *Turner* opinion gave this Court specific directions and an explicit mandate (versus the general statements in *Randolph* relied on by Turner), this Court would deem it necessary to follow the specific directive of *Turner* and conduct a trial under the guidelines of *Turner*.[3]

---

[3]It perhaps bears noting that rather than rejecting its decision in *Turner*, the Seventh Circuit in *Randolph* approved *Turner* by stating: "We reaffirm the approach of *Turner* and *Hyman*" (*Randolph*, 368 F.3d at 732); and, earlier, "Two recent decisions of this circuit arising out of postbankruptcy demands for immediate payment illustrate how these provisions of the FDCPA work. *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003); *Hyman v. Tate*, 362 F.3d 965 (7th Cir. 2004)." *Id.* at 728.

Accordingly, a trial must be conducted under the explicit mandate of the Seventh Circuit in *Turner*, as to whether as a matter of fact a misleading implication (that Turner had to pay the $97.80 debt) arises from an objectively reasonable reading of J.V.D.B.'s collection letter of March 29, 2001. *Turner*, 330 F.3d at 995, 999.

## CONCLUSION

In view of the foregoing, the Court denies Turner's motion for judgment on the pleadings.

ENTER:

*[signature]*

**IAN H. LEVIN**
**United States Magistrate Judge**

**Dated: August 24, 2004**

6