**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEPHEN P. TURNER, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 01 C 5896 |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| J.V.D.B. & ASSOCIATES, INC., ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This opinion is the latest, but probably not the last, chapter in six years of litigation. The litigation includes two trips to the Seventh Circuit, two summary judgment decisions, a motion for judgment on the pleadings, and now a second bench trial. Plaintiff Stephen P. Turner ("Plaintiff" or "Turner") seeks to recover $1000.00 for an allegedly wrongful attempt by Defendant, J.V.D.B. & Associates, Inc. ("Defendant" or "J.V.D.B."), to collect from him a $97.80 debt that had been discharged in bankruptcy. The Court conducted a bench trial and heard closing arguments on March 20, 2007. The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

# I. PROCEDURAL BACKGROUND

## A. PROCEEDINGS THROUGH THE FIRST APPEAL

Plaintiff filed his complaint on August 1, 2001. The complaint alleged that Defendant violated sections 1692e,[1] 1692f,[2] and 1692c(a)(2)[3] of the Fair Debt Collection Practices Act ("FDCPA") by sending Plaintiff a letter attempting to collect a debt that had been discharged in bankruptcy. The debt was owed to Pre-Paid Local Access Phone Service Company ("Pre-Paid"), who sold it to a third party, who hired Defendant to collect it. The magistrate judge previously assigned to the case granted Defendant's motion for summary judgment, finding that Defendant did not know of the bankruptcy and that at the time of the letter in question, Plaintiff did not have an attorney for the debt collection matter, and therefore could not be held liable as a matter of law. *Turner v. J.V.D.B.*, No. 01 C 5896 (N.D. Ill. Aug. 27, 2002).

Plaintiff appealed, and the Seventh Circuit reversed and remanded as to the section 1692e count, finding that Defendant's ignorance of the bankruptcy was no excuse, and affirmed as to the section 1692f count.[4] *Turner v. J.V.D.B. & Assoc. Inc.*, 330 F.3d 991 (7th

---

[1] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

[2] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

[3] "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if . . . the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . ." 15 U.S.C. § 1692c(a)(2).

[4] It appears that the 1692c(a)(2) count was not pursued on appeal.

Cir. 2003) ("Turner I"). The Seventh Circuit noted that, on remand, Defendant might properly raise an affirmative defense of *bona fide* error under section 1692k(c).[5] *Id.* at 995.

## B. PROCEEDINGS THROUGH THE SECOND APPEAL

On remand, the magistrate judge granted Plaintiff's motion for summary judgment on Defendant's section 1692k(c) affirmative defense, conducted a bench trial on Plaintiff's section 1692e count, and entered judgment in favor of Defendant by way of minute order. *Turner v. J.V.D.B. & Assoc., Inc.*, 318 F.Supp.2d 681(N.D. Ill. 2004) (summary judgment); *Turner v. J.V.D.B. & Assoc., Inc.*, No. 01 C 5896 (N.D. Ill. April 25, 2004) (judgment in bench trial). Plaintiff also moved for judgment on the pleadings, arguing that under *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), the collection letter falsely stated that the Pre-Paid debt was still owed and was therefore presumptively wrongful. The magistrate judge denied the motion, reasoning that the specific mandate in *Turner I* controlled the case on remand, and that the language in *Randolph* on which Plaintiff relied was dictum. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.Supp.2d 998 (N.D. Ill. 2004).

Plaintiff appealed the judgment from the bench trial, but Defendant did not appeal from the ruling striking its section 1692k(c) defense. The Seventh Circuit vacated and remanded because no findings of fact on the evidence were made. The Seventh Circuit defined the question to be answered on remand in connection with the claim under section 1692e as "whether J.V.D.B.'s letter to Turner implied to a reasonably objective, but

---

[5] "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

3

unsophisticated consumer that the debt discharged in bankruptcy was still payable." *Turner v. J.V.D.B. & Assoc.*, 202 F. App'x 123, 125 (7th Cir. 2006 ) ("Turner II").  That question is now before the Court.

## II. FINDINGS OF FACT

### A. Evidence Presented

#### 1. Bankruptcy Documents

Plaintiff filed a voluntary bankruptcy petition on March 17, 2000.  PX 2.[6]  Plaintiff listed a $100.00 debt owed to Pre-Paid Local Access Phone Service Company for account number 5418 on his Schedule F form, which lists creditors holding unsecured nonpriority claims.  *Id.*  Notice of Plaintiff's bankruptcy was served on Pre-Paid on March 22, 2000.  PX 3.  Plaintiff was discharged from bankruptcy on July 3, 2000.  PX 4.

#### 2. The Collection Letter

Defendant sent the following letter:

> DATE: 03/29/2001
>
> PRE-PAID LOCAL ACCESS PHONE SERVICE CO.
>
> ***
>
> ACCOUNT BALANCE    97.80
>
> ***
>
> This is an attempt to collect a debt and any information used will be obtained for that purpose.
>
> The above claim has been referred to this office for collection.

---

[6] Plaintiff's exhibits are abbreviated PX; Defendant's exhibits are DX.  Trial transcript is T. [page].

> Pursuant to Public Law 95-109, unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Very truly yours,
>
> J.V.D.B. & ASSOCIATES, INC.
> Collection Agency

PX 1. The letter was addressed to Plaintiff. *Id.*

### 3. Letter from Plaintiff's Counsel to J.V.D.B.

On July 9, 2001, Plaintiff's counsel in this case mailed a letter to J.V.D.B. explaining that Plaintiff had filed for bankruptcy and that the debt J.V.D.B. was attempting to collect had been discharged. DX 1. Thereupon, J.V.D.B. ceased all collection action. Plaintiff then initiated this litigation.

### 4. Testimony of Plaintiff - Stephen P. Turner

Plaintiff is forty years old, attended college but did not graduate, and considers himself an average reader. T. 10-11. Plaintiff filed for bankruptcy, listed the Pre-Paid debt on his Schedule F, and received a discharge. T. 12-14. Plaintiff understood that as a result of his bankruptcy discharge, "it would pay off [his listed debts]–that it would give the creditors notice that [he] had filed and that it would be discharged off of the record," and that once the bankruptcy petition was granted he no longer owed the debt and creditors could no longer collect it. T. 14-15, 18, 25.

Plaintiff received the collection letter after he had been discharged from bankruptcy, and upon reading the letter was concerned "that they were falsely accusing [him] of owing a debt." T. 15. He then "turned it over to [his] bankruptcy lawyer so [he] could find out why they were falsely accusing [him] of owing [the debt]," and explained to the attorney "that [he] had gotten a letter accusing [him], falsely accusing [him] of owing an amount that [he] knew was already discharged from [his] bankruptcy." T. 16, 22. Plaintiff had received other collection letters in the past, but the collection letter from J.V.D.B. differed from those other letters because the J.V.D.B. letter "was falsely accusing [him] of owing a debt." T. 16.

Plaintiff understood the second paragraph of the letter ("The above claim has been referred to this office for collection.") to mean that Pre-Paid had "turned [the debt] over to [J.V.D.B.] to try to collect it because they still showed, for some reason showed a false document of it being on their record that [he] owed them." T. 20. He understood that the letter permitted him to dispute the debt, but he was not concerned because he "didn't owe the creditor at that point." T. 20-21.

**5. Testimony of John Vanko - Owner of J.V.D.B.**

John Vanko is the owner of J.V.D.B. T. 27. He testified about J.V.D.B.'s collection practices in general and in this case. T. 27-34, 36-47. J.V.D.B. closed Plaintiff's account after receiving the July 9, 2001 letter from Plaintiff's counsel. T. 40.

**6. Facts Established by Stipulation**

The parties stipulated that Defendant is a debt collector as that term is defined by the FDCPA, and that the debt in question was discharged by Plaintiff's bankruptcy before the collection letter was sent. The parties stipulated that if Plaintiff prevails, he is entitled to an award of $1000.00. T. 6.

**B. Factual Findings**

It is unclear from the text of the letter alone how it would be perceived by a reasonably objective, but unsophisticated consumer.

Plaintiff testified numerous times that when he received the letter he was concerned that J.V.D.B. was "falsely accusing" him of owing the debt, that he knew that the debt had been discharged in bankruptcy, and that he did not believe that he still owed the debt. He understood that the letter permitted him to dispute the debt.

The Court finds that the letter did not imply to Plaintiff that the debt was still payable, and that Plaintiff did not believe that the debt remained payable. Rather, Plaintiff understood that the debt had been discharged in bankruptcy and was no longer payable. Plaintiff has offered no further evidence addressing how the letter would be perceived to a reasonably objective but unsophisticated debtor. Therefore, the Court finds that the letter did not imply to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable, and that Plaintiff did not meet his burden of proof on this issue.

## III. CONCLUSIONS OF LAW

Because the letter did not imply to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable, it did not violate section 1692e of the FDCPA. Whether Plaintiff was required as a matter of law to produce survey evidence, as Defendant argues, is moot.

## IV. CONCLUSION

This litigation has presented four questions: (1) whether the letter violates section 1692c(a)(2) of the FDCPA, which was decided against Plaintiff on summary judgment and never appealed; (2) whether the collection letter violates section 1692f, which was decided against Plaintiff in *Turner I*; (3) whether Defendants have an affirmative defense under section 1692k(c), which was decided against Defendants on remand from *Turner I* and was not appealed; and (4) whether the collection letter violates section 1692e by implying to a reasonably objective but unsophisticated debtor that the debt discharged in bankruptcy remained payable, which is the question decided in this Memorandum Opinion and Order. The Court concludes that the March 29, 2001 collection letter sent by Defendant to Plaintiff does not violate 15 U.S.C. § 1962e of the FDCPA because it did not imply to a reasonably objective, but unsophisticated consumer that the debt discharged in bankruptcy was still payable.

**Judgment is entered for Defendant, J.V.D.B. & Associates, Inc., and against Plaintiff, Stephen P. Turner, on Plaintiff's complaint, with court costs.**

**SO ORDERED THIS 9th DAY OF APRIL, 2007.**

_____
 **MORTON DENLOW**
 **UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

David J. Philipps
Mary Elizabeth Philipps
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, IL 60465

Counsel for Plaintiff

David M Schultz
Jennifer W. Weller
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

Counsel for Defendant